UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FREDERICK OWENS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION G-07-0189 |
| | § | |
| MIDSOUTH BARGE SERVICES, INC. | § | |
| AND ENVIRONMENTAL SAFETY | § | |
| & HEALTH CONSULTING SERVICES, | § | |
| INC. d/b/a ES&H, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are Environmental Safety & Health Consulting Services' ("ES&H") 12(b)(3) motion to dismiss, or in the alternative, to transfer venue to the Eastern District of Louisiana, and Owens's unopposed motion for extension of time to file a response. Dkts. 10 & 25. Upon consideration of the motions, Owens's response to ES&H's motion to dismiss, ES&H's reply, and the applicable law, Owens's motion for extension is DENIED, and ES&H's motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

Frederick Owens brings this negligence suit based on personal injuries he allegedly sustained on February 22, 2007 while cleaning up an oil spill in Bayou Perot near Lafitte, Louisiana. Owens, an employee of MidSouth Services, claims that he was a borrowed seaman on a barge owned and operated by ES&H. While manually pulling up a containment boom, Owens slipped and fell, injuring his back, neck, leg, and other parts of his body. Owens claims that ES&H is negligent for: a) failing to properly supervise its crew; b) failing to properly train its employees; c) failing to provide adequate

safety equipment; d) failing to provide adequate medical treatment; e) operating the vessel with an inadequate crew; and f) failing to maintain the vessel. Owens also asserts that ES&H is vicariously liable for its employees' negligence and responsible for any other acts deemed negligent.

## II. ANALYSIS

ES&H moves the court to dismiss the case under Rule 12(b)(3) of the Federal Rules of Civil Procedure because venue is improper in the Southern District of Texas. Dkt. 10. Alternatively, ES&H requests that the court transfer the case to the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1404 or 1406. Owens seeks an extension of time to file a response to ES&H's motion to dismiss. Dkt. 25.

**1.     Extension of Time**

Owens requests an extension of time to file a response to ES&H's motion to dismiss, or in the alternative, transfer venue. Dkt. 25. Owens, through no fault of his own, was forced to reschedule the deposition of ES&H's corporate representative for March 11, 2008. The motion for extension is unopposed and the parties have agreed that Owens's response would be due ten days after the deposition transcript was received.

However, ES&H's motion was filed on August 13, 2007, (Dkt. 10) and the court has granted Owens's motions for extension of time to respond to ES&H's motion to dismiss on two prior occasions. Dkts. 13 & 22. Further, Owens has already submitted a response to ES&H's motion to dismiss, or in the alternative, transfer venue, to which ES&H has replied. Dkts. 23 & 24. Accordingly, Owens's third motion for extension of time is DENIED.

**2.     Improper Venue**

ES&H moves the court to dismiss this matter for improper venue, or in the alternative,

transfer the case to the Eastern District of Louisiana.

  *A.*  *Standard of Review*

  The Federal Rules of Civil Procedure authorize a court to dismiss an action for improper venue. FED. R. CIV. P. 12(b)(3). Because Owens files this claim under the Jones Act and general maritime law, not diversity of citizenship, 28 U.S.C. § 1391(b) provides the appropriate framework. When a court's jurisdiction is not based solely on diversity of citizenship, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). For purposes of venue, a defendant corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); *see Paschal v. Eagle Drilling LLC*, No. 07-240, 2008 WL 80360, at *1 (S.D. Tex. Jan. 7, 2008).

  *B.*  *Analysis*

  Under § 1391(b)(1), venue is proper in the Southern District of Texas only if all defendants reside in the same state. In his complaint, Owens alleges that defendant MidSouth is a Louisiana corporation and that defendant ES&H has a principal place of business in Texas. Dkt. 1 at 2. From the face of the complaint, venue would not be proper in the Southern District of Texas under 28 U.S.C. § 1391(b). However, now that MidSouth has been dismissed without prejudice, the law is unclear whether the court must consider MidSouth in assessing whether all defendants reside in Texas. Dkt. 16. *Compare Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990) (holding that it is "proper to assess the propriety of venue on the basis of circumstances as they now

3

exist, as opposed to the state of affairs that obtained when the complaint was first filed against two defendants"), *and Brown v. Bandai Am., Inc.*, No. 01-0442R, 2001 WL 720464, at *1 (N.D. Tex. June 25, 2001) (stating that "a plaintiff is . . . entitled to take steps, such as dismissing a defendant, in order to preserve his original choice of venue), *with Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997) (holding that "[t]he district in which proper venue lies is determined at the time the complaint is filed and is not affected by a subsequent change of parties."). Moreover, there is some question whether ES&H would have standing to bring a challenge to venue based on MidSouth's residence. *See Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991) (citing *Camp v. Gress*, 250 U.S. 308, 316, 39 S. Ct. 478 (1919)) ("Improper venue is a defense personal to the party to whom it applies."). However, regardless of whether the court takes MidSouth's residence into account, the end result is the same.

If venue is not proper in the Southern District of Texas because MidSouth's residence must be taken into account, then the venue inquiry must move to § 1391(b)(2). That subsection provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). As discussed in greater detail below, the Eastern District of Louisiana is the proper venue based on that inquiry. When venue is not proper, the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Rather than dismiss the case under Rule 12(b)(3), the court will transfer it to the Eastern District of Louisiana under 28 U.S.C. § 1406.

If however, venue is proper in the Southern District of Texas since MidSouth's residence should not be part of the venue inquiry, the court will transfer it, as detailed more fully below, to the

4

Eastern District of Louisiana pursuant to 28 U.S.C. § 1404. Accordingly, under either venue inquiry, ES&H's 12(b)(3) motion to dismiss is DENIED, and the case is TRANSFERRED to the Eastern District of Louisiana.

**3.     Transfer Venue under 28 U.S.C. § 1404**

*A.     Standard of Review*

When venue is proper in a given district, a court may transfer to another appropriate forum "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a) (1996). In making this determination, a district court should consider a number of private and public interest factors, none of which is entirely dispositive. *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 506 F.3d 376, 380 (5th Cir. 2007) *reh'g granted*, No. 07-40058, 2008 WL 400236 (5th Cir. Feb. 14, 2008).[1] Private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *In Re Volkswagen of Am., Inc.* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004)); *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S. Ct. 252 (1981). Public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 506 F.3d at 380 (citing *Volkswagen I*, 371 F.3d at 203); *see Piper Aircraft*, 454 U.S. at 241 n. 6. Plaintiff's choice of forum

---

[1] Rehearing en banc has been granted in this case, however the court does not anticipate a change to the venue analysis under the facts of this case.

is also a factor to be considered under the § 1404(a) transfer analysis. *Volkswagen II*, 506 F.3d at 380. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Id.* at 384. "When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

    *B.*     *Analysis*

ES&H contends that weighing the factors relevant to the analysis favors transfer. It argues that it intends to call as witnesses ES&H personnel, contractor personnel at the scene of the accident, and the doctor who provided medical care immediately following the accident, all of whom reside in the state of Louisiana. Dkt. 11 at 7. Additionally, since ES&H's principal place of business is located in Houma, Louisiana—321 miles from the Houston Division of the Southern District of Texas—ES&H insists that the Eastern District of Louisiana is clearly more convenient. Dkt. 11, Ex. 3. Furthermore, ES&H points out that Owens would not be inconvenienced if the case was transferred to the Eastern District of Louisiana because he resides in that district. Dkt. 11 at 7. In addition to the convenience of witnesses, ES&H argues that the accident itself occurred within the Eastern District of Louisiana, and that all documents pertaining to both Owens's immediate medical treatment and the oil spill clean up process are located in Louisiana. Dkt. 11 at 8-9.

Owens counters that the convenience of the parties and other relevant factors do not favor transfer. He argues that he has chosen the Southern District of Texas as his preferred forum, and that his current treating physicians and proposed expert witnesses reside in this district. Dkt. 23 at 5-6. Moreover, Owens's employer, ES&H, can compel attendance of any of its employees as witnesses at trial. Dkt. 23 at 5. Owens states that he does not intend to inspect the vessel, and that any records or documents can be provided through discovery. Dkt. 23 at 6. Finally, Owens argues that he will

6

be prejudiced by a transfer because the fast trial docket in the Southern District of Texas would allow for faster resolution of the matter than the Eastern District of Louisiana.  Dkts. 14 & 23 at 7.

As a threshold matter, Owens contends that his choice of forum is the most important venue consideration, and that it is thus entitled to a "strong presumption."  Dkt. 23.  However, a plaintiff's choice of forum is merely a factor to be considered, and "in and of itself it is neither conclusive nor determinative."  *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).  Because Owens is a resident of Louisiana, his choice of Houston as a forum holds little sway.  *See Rice Co. (Suisse) S.A. v. James J. Flanagan Shipping Corp.*, No. H-06-965, 2006 WL 2981194, at *1 (S.D. Tex. Oct. 16, 2006).  Therefore, that factor is neutral at best.

An examination of the contested private and public interest factors reveals that the Eastern District of Louisiana is the more appropriate forum.  The first private interest factor—the relative ease of access to sources of proof—weighs in favor of transfer.  All documents and physical evidence relating to the accident are located in Louisiana.  "[A]dvances in copying technology and information storage affect access to sources of proof . . . [these] developments [do] not render this factor superfluous."  *Volkswagen II*, 506 F.3d 376, 384 (5th Cir. 2007).

The second private interest factor—the availability of compulsory process to secure the attendance of witnesses—also weighs in favor of transfer.  Most of the non-party witnesses reside in Lafitte, Louisiana—more than the 100-mile subpoena radius from Houston.  Therefore, they would not be subject to compulsory process in the Southern District of Texas.  FED. R. CIV. P. 45(c)(3).

The third private interest factor—the cost of attendance for willing witnesses—once again weighs in favor of transfer.  In *Volkswagen I*, the court "set a 100-mile threshold as follows: 'When

7

the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'" *Volkswagen II*, 506 F.3d at 386 (citing *Volkswagen I*, 371 F.3d at 204-05). The distance from Lafitte, Louisiana to the District Court for the Eastern District of Louisiana is less than 28 miles.[2] Assuming that most witnesses to the accident live within 50 miles of their work location, they would fall well within the 100-mile radius.

The only contested public interest factor deals with the administrative difficulties flowing from court congestion, specifically whether the plaintiff would be prejudiced by a transfer. Although the docket call for this case has been set for July 25, 2008, a transfer to the Eastern District of Louisiana will not prejudice the plaintiff, especially in light of the multiple requests for extensions of time for plaintiff's preparation of his response to ES&H's motion to transfer venue. Dkts. 13 & 22. Moreover, recent statistics show that the Eastern District of Louisiana is a marginally quicker venue. *See* FED. JUD. CASELOAD STATISTICS, U.S. DISTRICT COURTS - CIVIL (2007), *available at* http://www.uscourts.gov/caseload2007/tables/C05Mar07.pdf. The average time between filing and disposition of civil cases during the 12-month period ending March 31, 2007 was 7.6 months in the Southern District of Texas. *Id.* In the Eastern District of Louisiana, filing to disposition averaged 6.3 months. *Id.* Therefore the court finds that both private and public interest factors support

---

[2] The exact distance is 27.57 miles. *See* Mapquest *at* http://www.mapquest.com/directions/main.adp?do=nw&go=1&r=f&aoh=&aot=&aof=&1a=&1c =Lafitte&1s=LA&1z=&1n=Jefferson%20Parish&1y=US&1l=CIWtI%2b66sDCUQFRqKIGNUg %3d%3d&1g=XMxcE1fUsNa6G4biSXMEYw%3d%3d&1v=CITY&2a=500%20poydras%20st &2c=new%20orleans&2s=la&2z=70130&2y=US&2l=&2g=&2pn=&2pl=&2v=&2ffi=&2ex=&2 n= (last visited Feb. 27, 2008).

transfer under § 1404(a).  Accordingly, ES&H's motion to transfer venue to the Eastern District of Louisiana is GRANTED.

### III. CONCLUSION

Accordingly, for the foregoing reasons, ES&H's motion to dismiss for improper venue is DENIED and its motion to transfer venue to the Eastern District of Louisiana is GRANTED. Additionally, Owens's motion for extension of time to file a response is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 29, 2008.

_____
Gray H. Miller
United States District Judge